**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CONNIE BROWN**                                                                                                    **PLAINTIFF**

**vs.**                                                                         **CIVIL ACTION NO.** 3:20-cv-471-DPJ-FKB

**VICTORY MARKETING, LLC,
UNITED OF OMAHA LIFE INSURANCE CO.
VICTORY MARKETING, LLC, LIFE INSURANCE PLAN**            **DEFENDANTS**

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW Plaintiff, Connie Brown, by and through counsel, and files this civil action against Victory Marketing, LLC (hereinafter "Victory"), United of Omaha Life Insurance Company(hereinafter "United"), and Victory Marketing, LLC, Life Insurance Plan ("the Plan") for the purpose of obtaining relief from Defendants' refusal to pay Dependent Death Benefits due under an employee benefits plan under ERISA and for Defendants' other violations of the Employee Retirement Security Act of 1974. Plaintiff would further show unto the Court the following, to wit:

**JURISDICTION AND VENUE**

1. This action is brought for wrongful denial of Dependent Death benefits pursuant to ERISA 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) (West 2020), breach of fiduciary duty and failure to disclose pursuant to 1132(c)(3) (West 2020).

2. This Court has original subject-matter jurisdiction of this civil action, which arises under the ERISA laws of the United States.

3. This Court has personal jurisdiction over the Defendants because they do business in the State of Mississippi, and according to the policy, it is meant to be construed under Mississippi law.

4. Venue in this Court is proper under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b)(2), as a "substantial part of the events or omissions giving rise to the claim(s) occurred" in this district.

5. Connie Brown has first timely appealed United's denial of her life insurance benefits through a letter on July 10, 2019.

6. On August 15, 2019, United issued their denial of Mrs. Brown's appeal, informing her that she has exhausted all administrative rights of appeal and advising her of her right to bring civil action under Section 502(a) of ERISA.

7. Mrs. Brown brings this action more than sixty (60) days after United was provided written proof of loss and prior to three (3) years after the date when written proof of loss is required, in accordance with the policy.

## PARTIES

8. Plaintiff Mrs. Brown is currently, and was at all relevant times, a resident of 581 Bradford Drive, Brandon, Mississippi 39047.

9. United is the party obligated to pay benefits and to determine eligibility for benefits under the group voluntary term life benefits plan that is the subject of this lawsuit, is an insurance company authorized to transact business of insurance in Mississippi, is the underwriter for Group Policy GVTL-356J issued to Victory Marketing, LLC, and may be served through the Mississippi Insurance Department.

10.     Defendant Victory Marketing, LLC, provided the plan as part of employment and was responsible for supplying the policy to its employees because Victory is the plan administrator and may be served through Joe C Morris Jr. its registered agent.

11.     Defendant Victory Marketing, LLC, Life Insurance Plan (policy- GVTL-0356J) is the obligated party to pay benefits to its insured. This plan may be served through the Mississippi Insurance Department.

## STATEMENT OF CLAIM

12.     On July 28, 2006, Mrs. Brown was hired by Victory Marketing, LLC, located at 145 Ridgeland Plaza, Ridgeland, Mississippi 39157.

13.     Mrs. Brown was a beneficiary under the ERISA group voluntary term life benefits plan ( POLICY- GVTL-0356J) maintained by Victory which became effective on September 1, 2007, and was administered by United.

14.     Mrs. Brown's husband, Michael Brown, also worked at Victory. Mr. Brown began working for Victory on October 27, 2003.  He was covered under his own separate life insurance policy from September 1, 2007, to his death on March 31, 2019. Mr. Brown was covered by this separate policy as an employee of Victory with a basic life policy in the amount of $35,000.00 and $100,000.00.

15.     On December 31, 2008, Mrs. Brown purchased a dependent spouse policy (POLICY- GVTL-0356J) so that if her husband died she would receive the benefits of a second policy in the amount of $50,000.00.

16.     On May 7, 2019, Mrs. Brown filed for dependent spouse life insurance benefits.

17.     On May 14, 2019, United denied Mrs. Brown's claim for dependent life insurance benefits for the death of Mr. Brown because United claimed that he was not an eligible

dependent at the time of his death. A true and correct copy of the denial letter is attached as **Exhibit "A"** and incorporated herein.

18. United cites to the 2019 version of Policy GVTL-356J in the denial letter which states:

> **WHEN A DEPENDANT BECOMES ELIGIBLE FOR INSURANCE**
> A Dependent becomes eligible for insurance under the Policy on the later of:
>   a) the day You become eligible for insurance under the policy; or
>   b) the day You acquire the Dependent;
>   provided You elect insurance for yourself under the Policy.
>
> If both You and Your Spouse are eligible for insurance under the Policy as Employees of the Policyholder, neither You nor Your Spouse may elect insurance as a Dependent of the other person.

19. On July 10, 2019, Mrs. Brown appealed the denial of her dependent benefits. A true and correct copy of the appeal letter is attached as **Exhibit "B"** and incorporated herein.

20. On August 15, 2019, United denied the appeal of Mrs. Brown, again citing that Mr. Brown had employee coverage under the policy and was not eligible to have coverage under the plan as a dependent spouse. In their denial of the appeal, United references the policies of Michael GORDON and policy GLUG-356J as a basis for their denial. Mrs. Brown's deceased husband's name is Michael Brown, and she applied for death benefits under policy GVTL-356J, not GLUG-356J. A true and correct copy of the denial of appeal letter is attached as **Exhibit "C"** and incorporated herein.

21. Both Mr. and Mrs. Brown were enrolled under the same Victory policy from 2007 to 2019, and Defendants never took any action to notify the Browns that Mr. Brown was not an eligible dependent of Mrs. Brown.

22. The Defendants chose to accept premium payments from 2007 to 2019. Mrs. Brown believed she was paying for a dependent policy. During this period of coverage she was

never notified of an exclusion in the policy (POLICY- GVTL-0356J). Mrs. Brown was not notified of the exclusion until *after* her husband had died.

23. Because of the Defendants' actions and inactions, Mr. and Mrs. Brown did not obtain additional coverage to protect Mrs. Brown in the event Mr. Brown died. This coverage was important because Mrs. Brown specifically enrolled her husband for this additional coverage because she knew her husband's policy by itself would not be enough to support her in the event of his death. Defendants deprived Mrs. Brown of her policy's benefits. This has created a hardship for Mrs. Brown.

24. Defendants "claim" they are unable to locate the policy booklets when the policy originally became effective and do not have the booklets in their possession. The exact language of the policy at the time of enrollment is unknown to Mrs. Brown. Upon information and belief, the original policy did not contain this exclusion and Mrs. Brown was never notified of the change to the policy. The exclusion that was cited to was on the version of the policy that was effective as of January 1, 2019. Additionally, none of the Defendants have produced anything to show that this exclusion was changed or added to the policy despite the fact they relied on a different policy version to deny the benefits. Alternatively, if the original policy did have this exclusion, Mrs. Brown was not informed of this exclusion on December 31, 2008 (when the policy was created) nor subsequently. A true and correct copy of the email correspondence between United of Omaha regarding its inability to find the master file is attached as **Exhibit "D"** and incorporated herein.

### CAUSE OF ACTION I: WRONGFUL DENIAL OF BENEFITS

25. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 24 above as though specifically set forth herein and alleges that:

26. Plaintiff properly made a claim for benefits on May 7, 2019.

27. Plaintiff exhausted the plan's administrative appeals process on August 15, 2019.

28. Plaintiff is entitled to $50,000 as a beneficiary under Group Policy GVTL-356J which insured her deceased husband Michael Brown.

29. Both Mr. and Mrs. Brown have been employees at Victory Marketing, LLC, since July of 2006.

30. On December 31, 2008, Mr. Brown was enrolled as a dependent under Mrs. Brown's coverage.

30. Defendants began accepting the Browns' premiums when both became employed by Victory Marketing, LLC, in 2006, and still accepted the Browns' premiums after Mr. Brown was listed as a dependent under Mrs. Brown's policy.

31. Defendants failed to notify the Browns that Mr. Brown was an ineligible dependent under the terms of the policy. Defendants could have easily discovered that Mr. Brown was also covered under the policy as an individual by running his information in their system to check their existing policies, or Defendants could have simply asked if Mr. Brown and Mrs. Brown worked for Victory. However, Defendants accepted the premium payments of the Browns for thirteen years and only notified Mrs. Brown of the exclusion after the death of Mr. Brown.

32. Defendants have waived the right to deny benefits on this basis by accepting premiums from the Browns for thirteen years then denying coverage after the fact, when Defendants should have been aware of the alleged exclusion in coverage in the first place.

33. As a direct and proximate result of the aforementioned conduct of the Defendants, Mrs. Brown has been damaged in the amount equal to the amount of benefits to which Mrs.

Brown is entitled to under the Plan, the benefits that for thirteen years the Mrs. Brown believed she was paying for, as well as interest.

## CAUSE OF ACTION II: VICTORY BREACHED A FIDUCIARY DUTY TO THE PLAINTIFF BY NOT INFORMING HER OF THE EXCLUSION

34. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 33 above as though specifically set forth herein and alleges that:

35. Victory had a fiduciary duty as the plan administrator to inform Mrs. Brown of the exclusion in the policy.

36. Victory breached this duty by accepting premium payments from Mrs. Brown for thirteen years and not informing Mrs. Brown of this exclusion until after her husband had died and her claim was denied. This inaction prevented Mrs. Brown from seeking out a policy with another insurer to protect her in the event of her husband's death.

37. As a result of Victory's breach, Mrs. Brown has been damaged by not receiving the $50,000.00 in benefits and has lost the ability to obtain additional coverage because her husband is now deceased.

## CAUSE OF ACTION III: DEFENDANTS FAILED TO MEET MINIMUM DISCLOSURE REQUIREMENTS BY FURNISHING A PLAN TO PLAINTIFF

38. Mrs. Brown realleges and incorporates all averments set forth in Paragraphs 1 through 37 above as though specifically set forth herein and alleges that:

39. Defendants failed to provide a copy of the plan or any changes that were made to the plan at any point throughout the thirteen years she held the policy.

40. This failure is a direct violation of 29 U.S.C. § 1021(a)(1) which calls for the plan administrator which is arguably both Defendants to furnish the participants (Plaintiff) with a copy of the summary plan and any changes that are made to the policy. This was never done. Moreover, Defendants could not provide a copy of the original policy.

41. As a result of this failure to meet the minimum disclosure requirements Mrs. Brown is entitled to damages of $100 a day for this failure to meet the requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff and against Defendants;

2. Damages in the amount equal to the dependent benefits to which she was entitled through date of judgment for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Damages in the amount equal of up to $100 a day from the violations of 29 U.S.C. § 1132(c)(1) by the Defendants.

4. Prejudgment and post judgment interest;

5. Plaintiff's reasonable attorney's fees and costs; and

6. Such other relief as this Court deems just and proper.

Respectfully submitted this 16th day of July, 2020.

CONNIE BROWN

By:/s/ Christopher J. Weldy
CHRISTOPHER J. WELDY, MSB# 103995
Attorney for Plaintiff

OF COUNSEL:

Weldy Law Firm, PLLC
105 N. College Street
Brandon, MS 39042
T. 601-624-7460
F. 866-900-4850
Chris@WeldyLawFirm.com